# EXHIBIT 1

| STATE OF NORTH CAROLINA | | File No.<br>25CV039174-590 |
|---|---|---|
| MECKLENBURG County | | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

**Name Of Plaintiff**
Michael Isaiah Pratt

**Address**
187 Strike Eagle Drive

**City, State, Zip**
Broadway                              NC         27505

**VERSUS**

**Name Of Defendant(s)**
City of Charlotte

# CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| City of Charlotte<br>c/o Marcus Jones, City Manager<br>600 East 4th Street, 15th Floor<br>Charlotte                    NC    28202 | John Doe |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**

**Date Issued** 7/30/2025 2:12:55 pm     **Time** ☐ AM ☐ PM

**Signature** /s/ Jennifer Garcia

☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**             **Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: (type or print name)

| Date Accepted | Signature |
|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: (type or print name)

| Date Accepted | Signature |
|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | 25 CVS |

| | | |
|---|---|---|
| MICHAEL ISAIAH PRATT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | (COMP) |
| CITY OF CHARLOTTE, JOHN DOE | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

NOW COMES the Plaintiff, Michael Isaiah Pratt, and as his Complaint against the defendants, alleges and says the following:

## THE PARTIES

1. Plaintiff, Michael Isaiah Pratt ("Mr. Pratt"), is a citizen and resident of Harnett County, North Carolina.

2. The Plaintiff is a retired military veteran.

3. Defendant City of Charlotte ("City") is a municipal corporation organized under the laws of the State of North Carolina, and capable under state statute of bringing and defending lawsuits, including claims involving its police department.

4. The true name of the Defendant John Doe is unknown to Plaintiff at this time.

5. Plaintiff will seek leave of court to amend this Complaint and insert the true name of the Defendant in place of "John Doe", when the true name of the Defendant becomes known to Plaintiff.

6. Pursuant to the City's charter, it maintains and operates police force called the Charlotte-Mecklenburg Police Department, or CMPD.

7. The City is responsible for governing and overseeing the policies and actions of CMPD.

8. The City of Charlotte bears legal responsibility for the intentional torts and negligent acts of CMPD officers in the course of their employment.

9. The City is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individual officers referenced herein.

10. The City is also liable under the doctrine of *respondeat superior* for the acts and omissions of its employees who were acting within the scope of their employment.

11. On information and belief, the City has purchased insurance, either by contract with an insurance company or by participation in an insurance risk pool, that covers the claims raised in this action and has thereby waived any defense of sovereign or governmental immunity.

12. Additionally, Defendant City of Charlotte, at the time of the incidents giving rise to this action, waived governmental or sovereign immunity by operation of Section 2-3 of its Code of Ordinances.

13. By ordinance adopted by its elected Council and pursuant to N.C.G.S. § 160A-485.5, the City has waived its governmental immunity from the negligence of CMPD police officers pursuant to the State Tort Claims Act, which applies to the claims of Plaintiff.

14. Furthermore, upon information and belief, the City-related defendants collectively waived sovereign immunity through the purchase of one or more policies of insurance pursuant to N.C. Gen. Stat. 162-8, and/or by participating in local government risk pool pursuant to N.C. Gen. Stat. 58-23-5.

15. Upon information and belief, Defendants John Doe is an officer employed by CMPD and was acting under the color of law and within the scope of his duties during the events described herein.

16. On or about July 2024, Plaintiff was a passenger at Charlotte Douglas International Airport, attempting to transfer flights.

17. A dialogue occurred between the Plaintiff and airline staff as he attempted to disembark.

18. The Plaintiff reported that a female passenger blocked his way after he said "excuse me," which led to physical contact initiated by the other party.

19. The Plaintiff was ultimately denied boarding on his connecting flight and was subsequently approached by CMPD officers.

20. The Plaintiff was surrounded by four or more officers of the CMPD, including John Doe, notwithstanding that the Plaintiff was not armed, was not violent, and was not physically aggressive.

21. Defendant John Doe accosted the Plaintiff and entered the Plaintiff's space, at which time the Plaintiff stated something to the effect of "get the f*** out of my face."

22. The aforementioned statement was directed only to Defendant John Doe, in

2

response to the aggressive behavior undertaken by Defendant John Doe.

23. The Plaintiff was then arrested and physically restrained by multiple officers, including Defendant John Doe, during which arrest the officers including Defendant John Doe reinjured the Plaintiff's pre-existing shoulder condition.

24. The Plaintiff was placed in solitary confinement for approximately 24 hours.

25. The Plaintiff was stripped of his clothing and confined without garments, an act which was retaliatory and dehumanizing.

26. Mr. Pratt The Plaintiff was charged with disorderly conduct based on stating, "'motherf***er' several times while in the concourse which had at least 100 people in the general area."

27. The Plaintiff had not in fact said "motherf***er" several times in the concourse the alleged use of profanity in a public place. .

28. The charges were dismissed in or around February 2025 after it was shown the language at issue ("motherf***er") occurred post-arrest.

29. The CMPD Chief of Police was responsible for establishing, enforcing, directing, supervising, and controlling the policies, procedures, customs, practices, and usages applicable to the law enforcement officers of the City of Charlotte.

30. Defendant CMPD failed to properly train and/or supervise the law enforcement officers of the CMPD in the proper and lawful use of force and the elements of the offense within G.S. § 14-275.1.

31. Defendant CMPD, in failing to properly train and/or supervise the law enforcement officers of the CMPD, have established and maintained a policy, custom, or pattern of (1) failing to adhere to proper standards for law enforcement officers under North Carolina law; (2) failing to provide adequate training programs for law enforcement officers; (3) facilitating and condoning aggressive, abusive, and assaultive behavior toward citizens and while effectuating arrests; (4) permitting the abuse and humiliation of citizens in custody of the CMPD; and (5) other particulars as the evidence will show.

32. Defendant CMPD knew or should have known of the need to properly train, supervise, and control the behavior of law enforcement officers of the CMPD in the proper treatment of citizens during law enforcement encounters; in de-escalation techniques; to refrain from the unnecessary and unreasonable use of force; to recognize and appropriately respond to serious medical needs; and in such other particulars as the evidence will show.

33. The conduct of Defendant CMPD and John Does were consistent with the inadequate and unlawful practices, patterns, and customs of the CMPD.

34. Defendant CMPD knew or should have known that the inadequate and unlawful practices, patterns, and customs of the CMPD would lead to the violation of the rights of citizens

3

by law enforcement officers of the CMPD and acted with deliberate indifference to this risk.

35. As a direct and proximate result of the deliberate indifference of Defendants and the inadequate and unlawful practices, patterns, and customs of the CMPD, Plaintiff suffered violations of his civil rights and damages including but not limited to injury to his shoulder, physical restraint and associated pain and exacerbation of pre-existing injuries, humiliation, exposure of his body, invasion of his privacy, physical trauma and extreme psychological and emotional stress and trauma, pain and suffering, and other particulars as the evidence will show.

36. Plaintiff demands and is entitled to nominal, actual, and consequential damages, in an amount to be determined by a jury, as well as costs and attorney fees from Defendants pursuant to 42 U.S.C. §§ 1983 and 1988 and <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1977).

37. At all times the actions and practices of the officers of the CMPD described herein and those acting in their direction, were performed under the color of state law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution.

38. Upon information and belief, to the extent that any and/or all of the Defendants in this action claim they are a municipal and/or governmental and/or County owned, operated and/or funded entity, or an employee and/or agent of any such entity, such Defendants do not have governmental immunity and/or sovereign immunity for any of the acts or omissions described herein. In the alternative, should any and/or all of the Defendants in this action have governmental immunity and/or sovereign immunity, upon information and belief, any and/or all such Defendants have waived any and all such governmental and/or sovereign immunity to which they may have been otherwise entitled, for themselves, their agents, employees and all officials acting in their official (and, if applicable, individual) capacities for civil liability and tort by the act of purchasing (or otherwise procuring, obtaining and/or having in place) liability insurance (or the functional and substantive equivalent thereof, i.e., participation in a local governmental risk pool, purchase of a surety bond, etc.) prior to, concurrent with, and/or subsequent to and/or applicable to the acts and omissions alleged herein.

39. Upon information and belief, CMPD was and is a participant in local governmental risk pool or the functional and substantive equivalent thereof, at all times applicable to the events that are the subject of this action.

40. The acts and omissions of Defendants described hereinabove were committed with such reckless and wanton disregard for the life and safety of the Plaintiff that they were malicious, corrupt and beyond the scope of their official duties as CMPD officers.

41. Plaintiff is entitled to recover from the Defendants, jointly and severally, an amount later to be determined at trial as a result of Defendants' acts of malice, corruption and acts outside the scope of official duties.

<u>FIRST CAUSE OF ACTION</u>

<u>(Malicious Prosecution – State Law)</u>

4

42. Plaintiff realleges and incorporates the preceding paragraphs.

43. Defendants initiated criminal proceedings against the Plaintiff without probable cause and with malice, as the basis for arrest, the use of specific profane language, occurred after arrest.

44. The case was dismissed in Mr. Pratt's favor in February 2025.

45. As a result, Plaintiff suffered humiliation, mental anguish, reputational harm, and incurred legal fees.

46. Defendant CMPD and John Does, individually and/or as employees of the Defendant CMPD, initiated the criminal process against Plaintiff without probable cause and with malice.

47. All criminal charges were terminated in Plaintiff's favor.

48. The conduct of Defendant CMPD, by and through Defendant John Doe and others, was grossly negligent, in bad faith, corrupt, malicious, reckless, made with conscious or reckless disregard for the rights and safety of others, and beyond the scope of lawful authority.

49. As a direct and proximate result of the criminal charges initiated by Defendants, Plaintiff suffered physical and emotional harm to include physical injury, emotional trauma, loss of liberty, economic loss, and other damages which the evidence will show.

50. Plaintiff demands and is entitled to actual and punitive damages in an amount to be determined by a jury.

## SECOND CAUSE OF ACTION

### (False Arrest / False Imprisonment – State Law)

51. Plaintiff realleges and incorporates the preceding paragraphs.

52. Defendants arrested the Plaintiff without probable cause or a valid warrant.

53. The Defendants alleged multiple and specific profanities, yet the bodycam footage shows the Plaintiff did not use this precise language prior to arrest, and the basis of the arrest of the Plaintiff was not in fact that the Plaintiff said "motherf***er" prior to his arrest.

54. The Plaintiff was confined against his will for 24 hours, in solitary confinement and without clothing.

55. The arrest and confinement were unreasonable and unlawful.

56. Plaintiff reasonably believed that he was not free to leave the situation.

57. Plaintiff's restraint, arrest, and continued unreasonable restraint was intentional and unlawful.

5

58. Defendants further continued to unlawfully detain Plaintiff by means of additional deprivations of his liberty interests in engaging in acts of harassment and humiliation.

59. The illegal restraint of Plaintiff by Defendants was done by force, or by an express or implied threat of force.

60. The illegal restraint of Plaintiff by Defendants was done against Plaintiff's will.

61. Plaintiff demands and is entitled to actual and punitive damages in an amount to be determined by a jury.

## THIRD CAUSE OF ACTION

### (Excessive Force – State Law and 42 U.S.C. § 1983)

62. Plaintiff realleges all preceding paragraphs.

63. Defendants used excessive force by involving four officers to arrest a nonviolent individual and using physical force that allegedly aggravated a shoulder injury.

64. Such actions were unreasonable under the circumstances and violated Plaintiff's Fourth and Fourteenth Amendment rights.

65. At all relevant times, Defendants acted, and continued to act, under color of state law.

66. Defendants' actions violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

67. At all relevant times, Plaintiff was conducting himself in a peaceful manner and did not disobey or refuse any order made by Defendants.

68. At no point did Plaintiff pose any risk of injury or harm to himself, other people, or property.

69. Plaintiff was not a physical threat, and no reasonable officer would have verbally and physically assaulted him under the circumstances.

70. Defendants nonetheless repeatedly subjected the Plaintiff to excessive force by restraining him and applying excessive force during the arrest, injuring the Plaintiff's shoulder.

71. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained the injuries detailed above.

## FOURTH CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. § 1983)

72. Plaintiff realleges all preceding paragraphs.

6

73. Defendants, under color of law, violated Plaintiff's rights under the U.S. Constitution, including:

   a. The right to be free from unreasonable searches and seizures (Fourth Amendment);

   b. The right to be free from unlawful arrest and malicious prosecution (Fourth and Fourteenth Amendments).

74. Plaintiff suffered loss of liberty, emotional distress, reputational harm, and physical injury.

75. The actions of Defendant CMPD and John Doe constitute the unlawful seizure of Plaintiff, false arrest, and the unlawful use of excessive force under color of law, all in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, which is applicable to the states under the Fourteenth Amendment.

76. The use of force by the Defendants were both objectively and subjectively unreasonable.

77. The actions of Defendants were taken under color of state law and are thus actionable pursuant to 42 U.S.C. § 1983.

78. Defendant John Doe did not act as objectively a reasonable law enforcement officer and is not entitled to qualified immunity.

79. As a direct and proximate result of the actions of Defendants, Plaintiff suffered violations of his civil rights and damages including but not limited to loss of liberty and loss of security in his person; physical restraint and associated pain and exacerbation of pre-existing injuries; humiliation, exposure of his body, and invasion of his privacy; physical trauma and extreme psychological and emotional stress and trauma; pain and suffering, and other particulars as the evidence will show.

80. Defendants violated Plaintiff's Fourth Amendment rights without lawful authority, and in deliberate, willful or reckless disregard for Plaintiff's Fourth Amendment rights.

81. Plaintiff demands and is entitled to nominal, actual, and consequential damages, in an amount to be determined by a jury, as well as costs and attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988.

FIFTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress – State Law)

82. Plaintiff realleges all preceding paragraphs.

83. Defendants' actions, including wrongful arrest, excessive force, forced disrobing,

7

and confinement, were extreme, outrageous, and intended to cause severe emotional distress.

84. Plaintiff experienced emotional pain, humiliation, and psychological trauma as a result of these actions.

85. It was foreseeable that Defendants' conduct would cause significant harm to Plaintiff.

## SEVENTH CAUSE OF ACTION

### Battery

86. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth in this claim.

87. By their actions described above, including arresting Plaintiff, and applying excessive force to his shoulder, Defendants intended to cause harmful contact, and in fact caused harmful contact, with Mr. Pratt against his will.

88. The degree of force Defendants used was disproportionate to the security risk posed by the Plaintiff (none) and/or objectively unreasonable in light of the facts and circumstances confronting Defendants. It was intended only to oppress and injure the Plaintiff, and it served no legitimate government purpose.

89. As a direct and proximate result of Defendants' conduct, the Plaintiff has sustained the injuries detailed above.

90. By the conduct and actions described above, Defendants intentionally caused bodily contact with Plaintiff.

91. Defendant John Doe and the other officers present were acting within the course and scope of their employment with the CMPD, and the Defendant CMPD is vicariously liable for their actions.

92. The Plaintiff did not consent to the bodily contact from these Defendants.

93. Defendants had no lawful authority to instigate physical contact with Plaintiff.

94. Plaintiff seeks and is entitled to compensatory damages from Defendants, including but not limited to medical expenses, and physical and emotional pain and suffering.

95. Defendants engaged in grossly negligent, willful, and reckless contact with Plaintiff for the sole purpose of punishing Plaintiff and inflicting pain.

96. Plaintiff seeks and is entitled to punitive damages from Defendant John Does a result of their willful and reckless conduct.

## FOURTH CAUSE OF ACTION

## North Carolina Constitutional Violations

97. Plaintiff realleges all preceding paragraphs.

98. Pursuant to Article I § 19 of the North Carolina Constitution, no person shall be deprived of his life, liberty or property but by the law of the land.

99. Defendants used excessive force against Plaintiff, caused physical and emotional harm to Plaintiff, deprived Plaintiff of liberty interests, subjected Plaintiff to actions of humiliation and punishment with no legitimate government interest, all in violation of North Carolina law.

100. Defendant CMPD established a pattern, practice, and custom of promoting, allowing, and condoning such behavior such that their willful and malicious disregard to the rights of their citizens and risk to those rights constitute deliberate indifference and are a violation of North Carolina law.

101. As a direct result of Defendants' conduct, Plaintiff suffered violations of his civil rights under the Constitution of North Carolina and suffered damages including but not limited to loss of liberty and loss of security in his person; physical restraint and associated pain and exacerbation of pre-existing injuries; humiliation, exposure of his body, and invasion of his privacy; physical trauma and extreme psychological and emotional stress and trauma; pain and suffering; costs and attorney fees; and other particulars as the evidence will show.

102. Plaintiff demands and is entitled to nominal, actual, and consequential damages, in an amount to be determined by a jury, as well as costs and attorney fees from these Defendants.

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Award compensatory damages for emotional distress, reputational harm, physical injury, and other losses in an amount in excess of $25,000;

2. Award punitive damages for intentional and reckless conduct;

3. Award costs and attorneys' fees as allowed by law;

4. Grant a trial by jury;

5. Award such other and further relief as the Court deems just and proper.

/s/ Michael Pratt
_____
Michael Pratt
187 Strike Eagle Drive
Broadway , North Carolina 27505
(704) 763-4801

LAW OFFICES OF JOHN M. KIRBY
4801 GLENWOOD AVE STE 200
RALEIGH NC 27612-3857

7020 3160 0000 5746 5475

CERTIFIED MAIL

CITY OF CHARLOTTE
c/o Marcus Jones, City Manager
600 E 4TH ST FL 15
CHARLOTTE NC 28202-2816

$10.440
US POSTAGE
FIRST-CLASS
FROM 27612
08/09/2025
Stamps.com

RECEIVED
AUG 13 2025
CITY MANAGER'S OFFICE

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 25CV039174-590 |

MICHAEL ISAIAH PRATT,
                Plaintiff,

v.

CITY OF CHARLOTTE and JOHN DOE,
                Defendants.

**NOTICE OF APPEARANCE**

COMES NOW John M. Kirby and enters his appearance as counsel for the Plaintiff in the above-captioned matter. All pleadings should be served upon said counsel.

Respectfully submitted, this the 9th day of August, 2025.

_____
John M. Kirby
Law Offices of John M. Kirby, PLLC
4801 Glenwood Ave., suite 200
Raleigh, NC 27612-3856
919-861-9050
Counsel for Plaintiff

1